UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA, for the use
and benefit of TTL ASSOCIATES, INC.,

      Plaintiff,　　　　　　　　　　　　Case Number 06-14453
v.　　　　　　　　　　　　　　　　　　　Honorable David M. Lawson
　　　　　　　　　　　　　　　　　　　　Magistrate Judge Steven D. Pepe
EDGE CONSTRUCTION CO.,

      Defendant.
_____/

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

Presently before the Court is the plaintiff's motion for default judgment. The plaintiff filed this complaint on October 11, 2006 and served the defendants on October 24, 2006. Defendant State Automobile Mutual Insurance Company was dismissed by stipulation on January 18, 2007. Defendant Edge Construction Company has never responded to the plaintiff's complaint. On January 18, 2007, the plaintiff filed a motion for default judgment against defendant Edge Construction, citing Federal Rule of Civil Procedure 55. The plaintiff seeks a judgment in the amount of $89,574.62.

Federal Rule of Civil Procedure 55 provides for the entry of default by the clerk "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). The rule also provides for the entry of default judgment in two forms:

> (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
> (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor.

Fed. R. Civ. P. 55(b).

Most courts have interpreted Rule 55 to require entry of default by the clerk before default judgment can be entered. "Obtaining a default judgment is a two-step process: (1) the party seeking a default judgment first files a motion for entry of default by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and (2) once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party." *Disney Enterprises v. Farmer*, 427 F. Supp. 2d 807, 814-815 (E.D. Tenn. 2006); *Stitts v. Staples*, 1998 WL 466569, *2 (6th Cir. 1998) (unpublished) (affirming denial of "motion for default judgment as premature because [plaintiff] had neglected to apply to the court clerk for entry of a default, as required by Fed. R. Civ. P. 55(a)"). *See also Ramada Franchise Sys., Inc.*, 220 F.R.D. 303, 305 (N.D. Ohio 2004) ( "Entry of a default . . . is a prerequisite to entry of a default judgment under Rule 55(b)."); *Vongrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004) ("[A] plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."); *DeTore v. Local # 245 of the Jersey City Public Employees Union*, 511 F. Supp. 171, 176 (D.N.J.1981) ("However, no default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment.").

In addition, the rule provides for the entry of a judgment for a sum certain by the clerk. "*In all other cases* the party entitled to a judgment by default shall apply to the court." Fed. R. Civ. P. 55(b)(2) (emphasis added). The plain language of the rule indicates judgments should be entered by the court only where not for a sum certain. *See Broadcast Music, Inc. v. J.M. Cirelli, Inc.*, 2006 WL 3386911, *2 (N.D. Ohio 2006) ("Rule 55(b)(2) provides for a party to apply to the court for a default judgment in cases that do not involve a sum certain."). Because the plaintiff has not applied

-2-

for a default with the clerk, the motion for default judgment will be denied.

Accordingly, it is **ORDERED** that plaintiff's motion for default judgment [dkt # 11] is **DENIED without prejudice**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: January 26, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 26, 2007.

s/MacKenzie Fillow  
MACKENZIE FILLOW

---